**R. P. FARNSWORTH & CO., INC., v. CHOPIN**

———

(October 19, 1931. Opinion and Decree.)

———

F. Carter Johnson, Jr., of New Orleans, attorney for plaintiff, appellant.

Hopkins & Talbot, of New Orleans, attorneys for defendant and plaintiff in reconvention, appellee.

HIGGINS, J. Plaintiff brings this action for damages to its Ford automobile, and defendant reconvenes for damages to his Chrysler car alleged to have resulted from an intersectional collision between them at the corner of Maple and Adams streets, on December 25, 1929, at 10:30 a. m.

There was judgment dismissing both demands, and plaintiff only has appealed. Defendant and plaintiff in reconvention has not answered the appeal, and therefore the judgment of the lower court denying the claim in reconvention is final.

The remaining issues are: First. Was the driver of defendant's car at fault and if so, second, was the driver of plaintiff's car guilty of contributory negligence?

Plaintiff charges that defendant's driver was at fault in operating the Chrysler car at an excessive rate of speed, without keeping a proper lookout, and in failing to accord to the driver of its automobile the right of way provided by traffic ordinance 7490 C. C. S., plaintiff's car having pre-empted the intersection, and thereby acquiring the right to continue on its course.

Defendant contends that the driver of plaintiff's automobile was negligent in not keeping a proper lookout; in driving at an excessive rate of speed; and in not respecting the right of way granted to defendant's car by traffic ordinance 7490 C. C. S., since it was approaching from the right.

Plaintiff's Ford car was being driven by its employee, a boy of fifteen and one-half years of age, in the direction of the lake on Adams street, which is a graveled roadway running from the river towards the lake. Defendant's Chrysler car was proceeding uptown on Maple street, which is a paved thoroughfare extending from uptown to downtown, and was being driven by his employee, a boy seventeen years of age. The streets intersect at right angles, and neither is a right of way street under the traffic ordinance. The cars collided in the intersection, causing the damages complained of.

There were three eyewitnesses to the accident, the two drivers and a Mr. Manmelli, a disinterested witness. The testimony of the two drivers is hopelessly in conflict, both claiming that they had the right of way under the traffic ordinance, charging each other with excessive speed, and each denying that he was going too fast, but both admitting that they did not sound their horns.

Mr. Manmelli, plaintiff's witness, stated that he was standing on the uptown river corner of the two streets, and observed the approach of the two automobiles; that both cars approached the intersection at about 25 miles per hour, without either driver sounding his horn or slowing up; that there was a two-story building on the downtown river corner which prevented both drivers from seeing each other until at the corner; that the cars entered the intersection at about the same time, and collided slightly past the middle of Maple street towards the lake; that the driver of defendant's car attempted to avoid the accident by swerving to his right, but that plaintiff's car practically went straight across; that the left front fender and wheel of defendant's car struck the right rear fender and wheel of the Ford; that the Ford car then ran into the curbing and turned over on its side on the uptown lake sidewalk of Adams street, about ten feet from the corner; and that the Chrysler came to rest several feet further than the Ford on Adams street towards the lake.

We do not think it is necessary to determine which car had the right of way under the traffic ordinance, because that right would not relieve either driver of the duty of exercising due care and precaution in approaching the intersection. The traffic ordinance, after providing for certain right of way streets, provides in article 1, subsection G, as follows:

"The right of way herein given shall not be construed to mean that vehicles may be driven through street intersections in a reckless manner or at a speed beyond control, nor that they may take advantage of such right of way to drive through intersections regardless of the rights of vehicles on intersecting streets. The right of way given applies only where two vehicles approaching intersecting streets arrive at the intersection at approximately the same time, and does not authorize the vehicle traveling on the right of way street to disregard the rights of vehicles which have already entered the intersection from an intersecting street."

The ordinance after fixing certain speed limits further provides, in article 2, section 6, as follows:

"Nothing in the foregoing sections shall be so construed as to mean that vehicles shall not at all times be driven with due regard to the rights and safety of others on the public streets, or that the speed may at any time be greater than is safe and proper under the conditions then obtaining.

"Any person who shall drive any vehicle in a manner to endanger the safety of others on public streets or in disregard of the rights of others shall be deemed guilty of reckless driving, and be subject to the penalties provided for the violation of this ordinance."

We are convinced that the cars approached the intersection at about the same time, and that each driver was guilty of negligence which proximately contributed to the accident. They were both at fault in not sounding their horns and in driving at an excessive rate of speed while approaching the intersection when their view of traffic crossing their respective paths was obstructed by the building on the corner. We are also of the opinion that neither driver slowed down as he approached the intersection, and that they were not keeping a proper lookout. Therefore, the collision was the result of the joint and concurrent negligence of both drivers. Hyman v. Salzer Plumbing Co., 18 La. App. 96, 135 So. 703; Tarleton-Gaspard v. Malochee, 16 La. App. 527, 133 So. 409, 411.

For the reasons assigned, the judgment appealed from is affirmed.