GEORGE E. HAYTER, GERTRUDE HAYTER, his wife, and B. A. CASSADY, as Sheriff of Lake County, Florida, *Appellants,* vs. THE AMERICAN AGRICULTURAL CHEMICAL COMPANY, a corporation, *Appellee.*

143 So. 300.

Division B.

Order entered September 6, 1932.

*Gaines & Futch,* for Appellants;
*Mack & Julian,* for Appellee.

PER CURIAM.—This cause coming on to be heard upon the motion of the appellant to modify the order made and entered by the Honorable H. C. Petteway, one of the Judges of the Circuit Court in and for Polk County, fixing the amount, terms and conditions of a supersedeas bond to be given to make effective the supersedeas herein awarded by a Justice of this Court and praying for a direction to the Judge of the Circuit Court concerning the amount, terms and conditions of a supersedeas bond to be required in lieu of that heretofore fixed, and same having been argued by counsel,

It is ordered by the Court that the matter of fixing

the terms and conditions of the supersedeas bond to be given herein to make the supersedeas herein granted effective be referred back to the Circuit Court for Polk County with directions to permit the appellant, George E. Hayter, to give a good and sufficient supersedeas bond in such amount as the Court may fix, conditioned to pay the plaintiff, The American Agricultural Chemical Company, a corporation, all costs and damages which the said American Agricultural Chemical Company may sustain in the event the order appealed from should be affirmed, including the payment to said American Agricultural Chemical Company, the appellee, of all amounts of money which may be paid over to said George E. Hayter as a result of the operation of the order of supersedeas, together with interest thereon at legal rate during the time said moneys were kept and enjoyed by the said George E. Hayter, together with the costs of the appeal should the decision and order of the Circuit Court so appealed from be affirmed by the Supreme Court, said supersedeas bond to be executed by either two or more good and sufficient sureties to be approved by the Judge of the Circuit Court, or the Clerk thereof, as the Judge may direct, or by some surety company authorized to do business in the State of Florida, acceptable to the Clerk of the Circuit Court, as surety for the amount of such bond as may be fixed by the Circuit Judge. See Stegeman v. Emery, 137 Sou. Rep. 88, as authority for the procedure herein followed.

WHITFIELD, P.J., AND TERRELL AND DAVIS, J.J., concur.